

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| NURU YAKUBU, § | |
|     Petitioner, § | |
| § | |
| vs. § | Civil Action No. 5:21-01618-MGL |
| § | |
| WARDEN OF F.C.I. EDGEFIELD, § | |
|     Respondent. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITIONER'S PETITION WITH PREJUDICE**

Petitioner Nuru Yakubu (Yakubu), proceeding pro se, filed this petition seeking a writ of habeas corpus against the Warden of F.C.I. Edgefield (Warden) pursuant to 28 U.S.C. § 2241.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Warden's motion for summary judgment be granted and Yakubu's petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 22, 2021.  Although Yakubu's objections to the Report were due no later than December 6, 2021, he failed to file any document titled "Objections."  Instead, on December 13, 2021, the Clerk of Court docketed a letter from Yakubu dated December 6, 2021, titled "Notice of Appeal."  Yakubu Notice of Appeal at 1.  The envelope carrying this letter also contained a dated stamp of receipt by the prison of December 6, 2021.  Thus, the Court concludes Yakubu filed this document within the fourteen-day window with which to file objections.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (notice of appeal is deemed filed when it is delivered to prison officials).

The Fourth Circuit's jurisdiction is limited to consider only final orders, 28 U.S.C.§ 1291, and certain interlocutory and collateral orders, 28 U.S.C. 1292.  The Report does not fit into any of these three categories.

Because the Court is required to liberally construe pro se pleadings, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and because Yakubu's "Notice of Appeal" was filed within the fourteen day time-frame that objections were to be filed, the Court has no choice other than to construe Yakubu's "Notice of Appeal" as his objections to the Report, *see, e.g., Hester v. N.C. Atty. Gen.*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) (interpreting a "Notice of Appeal" as "Objections to the Report" when the petitioner filed a notice of appeal instead of objections to the Report during the time period for filing objections to the Report).

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)

2

(holding that general objections are insufficient to preserve appellate review). In this case, Yakubu made the most general of objections by merely stating his desire to appeal the Report. Yakubu was warned of the consequences of failing to file specific objections. Report 9. In that Yakubu neglected to specify the portions of the Report to which he objected, this Court concludes he has waived appellate review.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Warden's motion for summary judgment is **GRANTED**, and Yakubu's petition is **DISMISSED WITH PREJUDICE**.

To the extent Yakubu requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 21st day of December 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.